[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14684
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-00193-ODE-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTONIO SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 23, 2014)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

In September 2012, Mark Antonio Sanders, who had been incarcerated on a 120 months prison term for the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), began serving a three-year term of supervised release.  In August 2013, his probation officer petitioned the District Court to revoke the release because he had violated its terms: (1) on July 30, 2013, he had assaulted a man, Robert Folds, and surrendered to the local police, and was awaiting trial on a battery charge[1]; (2) he tested positive for cocaine on July 23, 2013, and (3) he missed four scheduled drug screens between January and April 2013.

The District Court heard the petition in October 2013.  Sanders, through counsel, did not contest the assault (the battery charge was still pending) and admitted the other violations.  The court agreed with the probation officer's calculation of the Guidelines range of seven to 12 months imprisonment given that Sander's most serious violation was a Grade C violation and his criminal history category was V.  After granting Sanders his right of allocution, the court sentenced him to prison for a term of 12 months, with a one-year term of supervised release to follow.  Sanders now appeals the sentence.

Sanders argues that his sentence is both procedurally and substantively unreasonable.  It is procedurally unreasonable, he contends, because the District

---

[1] At the revocation hearing it was disclosed that Sanders had confronted Folds because Folds was romantically involved with Sanders's ex-wife, Cynthia Dillard.

2

Court based its decision upon a clearly erroneous fact.  The court indicated that Sanders's sentence "needs to deter the defendant from violence while he is in prison."  Sanders points out that the record contains no evidence that he committed any previous acts of violence during the time previously in prison.

He argues that the sentence is substantively unreasonable because it exceeds what was necessary to satisfy the sentencing objectives set out in 18 U.S.C. § 3353(a).  That is, (1) the sentence does not reflect the nature of the battery offense; the battery did not result in any serious injury to the victim, and was not part of a pattern of violence against his ex-wife; (2) his criminal history did not support a 12-month prison term, because all of his prior convictions were limited to a remote period between 1990 and 2000, and included only one felony; (3) the sentence is not proportional to the offense committed, and thereby does not promote respect for the law; (4) the prison term does nothing to deter Sanders from committing violent acts; (5) prison term was not necessary to protect the public and, as far as protecting Sanders's ex-wife, the court should have applied less intrusive methods, such as issuing a protective order; (6) the court gave no consideration to Sanders's need for education or vocational training; and (7) the court failed to consider whether a 12-month prison term would result in a sentence disparity.

We review a sentence imposed upon revocation of supervised release for reasonableness, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), under the abuse of discretion standard. *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008).

A sentence may be procedurally unreasonable if, for example, the district court (1) failed to calculate, or improperly calculated, the Guidelines range; (2) failed to consider the § 3553(a) factors; (4) selected a sentence based on clearly erroneous facts (the allegation here); or (5) failed to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Under 18 U.S.C. § 3583(e)(3), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). The § 3553(a) factors that a court must consider in revoking supervised release include:  (1) the nature and circumstances of the offense and the history and characteristic of the defendant; (2) the need for the sentence imposed to (a) afford adequate deterrence to criminal conduct, (b) protect the public from further crimes of the defendant, and (c) provide the defendant with needed educational or vocational training,

4

medical care, or other correctional treatment; (3) the sentencing range established by the Sentencing Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). The court also "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

Section7B1.1 of the Sentencing Guidelines defines as a Grade C violation any conduct that (a) constitutes an offense punishable by one year's imprisonment or less, or (b) violates a condition of supervision without constituting a punishable offense. U.S.S.G. § 7B1.1(a)(3). A defendant who, like Sanders, has his supervised release revoked for a Grade C violation and had a criminal history category V at the time of his original conviction is subject to a Guidelines range of 7 to 13 months' imprisonment. U.S.S.G. § 7B1.4(a).

Sanders fails to meet his burden of demonstrating that his sentence is either procedurally or substantively unreasonable. First, the District Court did not mistakenly rely upon the falsity that Sanders had committed acts of violence while in prison. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Rather, the record shows that the court's statement about Sander's sentence needing "to deter the defendant from

5

violence while he is in prison" referred to the prison sentence itself as deterring him from violence in general, the sentencing objective of § 3553(a)(2)(C).

Moreover, Sanders did not demonstrate that his 12-month prison term and 1 year of supervised release were substantively unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). First, the prison sentence of 12 months fell within the applicable Guidelines range of 7 to 13 months. Additionally, the court explicitly discussed several of the 18 U.S.C. § 3583(e) factors, including the need to deter Sanders from violent acts, the need to protect the public, and the serious nature of Sanders's alleged battery and cocaine use. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C), 3583(e). Finally, the one-year term of supervised release will allow a probation officer to monitor an individual who has a history of drug use and violating the terms of his supervised release. 18 U.S.C. §§ 3553(a)(1), 3583(e).

The judgment of the District Court is

AFFIRMED.

6